## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**EDDIE J. ARMANT (#150261)**                    **CIVIL ACTION NO.**

**VERSUS**                                       **19-815-JWD-EWD**

**JAMES M. LeBLANC, ET AL.**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 6, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDDIE J. ARMANT (#150261)                        CIVIL ACTION NO.

VERSUS                                           19-815-JWD-EWD

JAMES M. LeBLANC, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss ("Motion"),[1] filed on behalf of James M. LeBlanc ("LeBlanc"). The Motion is not opposed.[2] For the following reasons, it is recommended that the Motion be granted and Plaintiff's claims against LeBlanc dismissed with prejudice but that Plaintiff be given the opportunity to file an amended complaint to cure the deficiencies.

### I.   Background

On November 26, 2019, this matter was removed to this Court from the 18th Judicial District Court, Parish of Iberville, State of Louisiana, by LeBlanc pursuant to 28 U.S.C. §§ 1331 and 1441(a).[3] Also named as Defendants are Suzan Connors, Dr. Ashleigh Fliming, and the EHCC Mental Health Director.[4] Eddie Armant ("Plaintiff"), an inmate confined at the Elayn Hunt Correctional Center ("EHCC"), alleges he has been subjected to deliberate indifference and cruel and unusual punishment in violation of the Eighth Amendment.[5] He seeks monetary and injunctive relief.[6]

---

[1] R. Doc. 3.
[2] Pursuant to Local Civil Rule 7(f), any opposition memorandum was due 21 days after the Motion was filed on December 6, 2019.
[3] R. Doc. 1. Defendant paid the filing fee associated with the removal of this action, so Plaintiff is not proceeding as a pauper.
[4] R. Doc. 1-2, p. 5.
[5] R. Doc. 1-2, pp. 2-3.
[6] R. Doc. 1-2, p 6.

Plaintiff alleges as follows: for approximately 23 years, he has been diagnosed, with and prescribed medication for, three separate mental disorders.[7] The disorders appear to include depression, schizoaffective disorder, and bipolar disorder.[8] For the past nine years, he has been prescribed Bupropion to treat his depression.[9] However, on April 10, 2019,[10] Plaintiff met with Dr. Fliming who informed Plaintiff that there were concerns that Plaintiff was trading or selling his Bupropion to other inmates.[11] Thus, on April 11, 2019, Plaintiff's Bupropion was discontinued, according to Plaintiff "for no apparent logical reasons … besides what mentally retarded health patient make up never proven lie."[12] Plaintiff was later evaluated, and it was determined that he no longer suffered from depression.[13] Thus, Plaintiff's prescription for Bupropion was not renewed.[14] Plaintiff believes Connors and Dr. Fliming conspired to take Plaintiff off his medication out of spite,[15] and argues that it was improper to cease use of Bupropion because "you can't cure depression only treat it with proper medication."[16]

## II. Law & Analysis

### A. Standard of Review

In *Bell Atlantic Corp. v. Twombly*,[17] and *Ashcroft v. Iqbal*,[18] the Supreme Court clarified the standard of pleading that a plaintiff must meet to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the

---

[7] R. Doc. 1-2, pp. 9, 10.
[8] R. Doc. 1-2, p. 10.
[9] R. Doc. 1-2, p. 10.
[10] R. Doc. 1-2, p. 52.
[11] R. Doc. 1-2, p. 52.
[12] R. Doc. 1-2, p. 53.
[13] R. Doc. 1-2, p. 9.
[14] R. Doc. 1-2, p. 9.
[15] R. Doc. 1-2, pp. 53-54.
[16] R. Doc. 1-2, p. 10.
[17] 550 U.S. 544 (2007).
[18] 556 U.S. 662 (2009).

speculative level."[19]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[20]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[21]  It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"[22]  "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[23]

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court "must accept as true all of the factual allegations contained in the Complaint."[24]  Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"[25]  Moreover, the federal pleading rules simply require a "short and plain statement of the claim showing that the pleader is entitled to relief."[26] The task of the court is not to decide if the plaintiff will eventually be successful, but to determine if a "legally cognizable claim" has been asserted.[27] Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation,"[28] or "naked assertions [of unlawful conduct] devoid of further factual enhancement."[29]

---

[19] *Twombly,* 550 U.S. at 555.
[20] *Iqbal,* 556 U.S. at 678, *quoting Twombly*, 550 U.S. 544.
[21] *Id.*
[22] *Id.* at 679.
[23] *Id.* at 678 (internal quotation marks omitted).
[24] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[25] *Id.* (citation omitted).
[26] Fed. R. Civ. P. 8(a)(2).
[27] *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502–03 (5th Cir. 2014).
[28] *Papasan v. Allain*, 478 U.S. 265, 286 (1986)
[29] *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

## B. Plaintiff's Claims against James LeBlanc are Subject to Dismissal

It appears Plaintiff's claims against LeBlanc center around either LeBlanc's role as a supervisory official as the head of the Department of Public Safety and Corrections and/or the denial of Plaintiff's grievance at the second step in the administrative remedy process. Under either theory, Plaintiff's claims against LeBlanc fail.

Supervisory officials may be held liable under § 1983 only if they affirmatively participate in acts that cause constitutional deprivation or implement unconstitutional policies that causally result in plaintiff's injury.[30] Any allegation that a named defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983.[31] Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must be able to show that the deprivation of his constitutional rights has occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law.[32] Supervisory liability[33] can be found to exist if a supervisory official implements a policy so deficient that the policy may be considered the moving force behind a constitutional violation.[34] Plaintiff does not make any allegation that LeBlanc was personally involved in the decision to discontinue Plaintiff's medication, and does not make any allegations regarding any policies that may or may not be in place. Further, this Court has recognized that supervisory officials, such as

---

[30] *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992).

[31] *See Iqbal*, 556 U.S. at 676, *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability").

[32] *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).

[33] Though the term supervisory liability is often used, the Supreme Court has described this as a "misnomer" since "[e]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677.

[34] *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987).

4

LeBlanc, who is the Secretary of the Department of Public Safety and Corrections, have no personal involvement in the day to day operations of the facilities.[35]  This finding would certainly extend to daily medical care.  LeBlanc cannot be held liable pursuant to § 1983, considering the lack of allegations regarding his personal involvement or implementation of unconstitutional policies.[36]

Reading the Complaint very liberally, the only arguable allegation of "personal conduct" against LeBlanc is Plaintiff's assertion that it was error to deny him relief at the second step of the administrative remedy process.  This claim also fails.[37]  An inmate does not have a constitutional right to have his prison disciplinary or administrative proceedings properly investigated, handled, or favorably resolved,[38] and there is no procedural due process right inherent in such a claim.  As stated by the United States Court of Appeal for the Fifth Circuit in *Geiger v. Jowers*:[39]

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous…[The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction.  As he relies on legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.[40]

Accordingly, because Plaintiff's claim regarding the handling of his administrative grievance does not rise to the level of a constitutional violation, it should also be dismissed.

---

[35] *See Jacobs v. LeBlanc*, No. 100-271, 2011 WL 1043239, at *3 (M.D. La. Feb. 11, 2011).
[36] *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).
[37] R. Doc. 1-2, p. 13.
[38] *Mahogany v. Miller,* 252 F. App'x. 593, 595 (5th Cir. 2007).
[39] 404 F.3d 371 (5th Cir. 2005) (in the context of the handling of an administrative grievance).
[40] *Id*. at 373-74.

5

### C. Plaintiff Should Be Given Leave to Amend

Under Federal Rule of Civil Procedure 15(a), leave to amend should be "freely give[n]…when justice so requires."[41] The Fifth Circuit has stated:

> In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.[42]

One court articulated the standard as follows:

> When a complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend before dismissing the action with prejudice unless it is clear that the defects in the complaint are incurable. *See*, *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *see also*, *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification ... is considered an abuse of discretion.") (internal citation omitted). However, a court may deny leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1487 (2d ed.1990) (footnote omitted); *see also*, *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999) ("A district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.") (footnote omitted).[43]

Here, Plaintiff did not file a memorandum opposing the Motion to Dismiss. In fact, Plaintiff has not filed anything with this Court at all; rather, Plaintiff's sole filings were in state court prior to removal of the action. Notwithstanding that Plaintiff did not respond to the Motion, because Plaintiff has not had an opportunity to amend and considering that this case is in the early

---

[41] Fed. R. Civ. P. 15(a).
[42] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).
[43] *Tow v. Amegy Bank N.A.*, 498 B.R. 757, 765 (S.D. Tex. 2013).

6

stages, the undersigned recommends, in the event this Report and Recommendation is adopted, that Plaintiff be granted a period of twenty-one (21) days in which to cure the deficiencies in the Complaint with regard to the allegations against James LeBlanc, if he can do so.

### RECOMMENDATION

**IT IS RECOMMENDED** that the Motion to Dismiss,[44] filed on behalf of James LeBlanc, be **GRANTED** and that Plaintiff's claims against James LeBlanc be **DISMISSED WITH PREJUDICE** for failure to state a claim.

**IT IS FURTHER RECOMMENDED** that, in the event that this Report and Recommendation is adopted, Plaintiff be granted a period of twenty-one (21) days from the date of such adoption to file a Motion for Leave to Amend his Complaint to address the deficiencies explained in this Report and Recommendation with regard to his claims against James LeBlanc.

**IT IS FURTHER RECOMMENDED** that this matter be referred to the magistrate judge for further proceedings on Plaintiff's remaining claims (*i.e.*, Plaintiff's claims against Dr. Ashleigh Fliming, Suzan Connors, and the EHCC Mental Health Director).

Signed in Baton Rouge, Louisiana, on April 6, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[44] R. Doc. 3.