## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**EDDIE J. ARMANT (#150261)**                     **CIVIL ACTION NO.**

**VERSUS**                                        **19-815-JWD-EWD**

**JAMES M. LeBLANC, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**EDDIE J. ARMANT (#150261)**                                    **CIVIL ACTION NO.**

**VERSUS**                                                                          **19-815-JWD-EWD**

**JAMES M. LeBLANC, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are two Motions for Leave to File Amended Complaints, filed by Eddie J. Armant ("Plaintiff").[1] It is recommended that each Motion be granted in part and denied in part.

Courts should freely give leave when justice so requires.[2] While leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend."[3] In determining whether to grant leave, a court may consider several factors, including, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment…."[4]

In the first proposed amended complaint, Plaintiff provides further details regarding treatment for his mental illnesses by Dr. Ashleigh Fliming ("Fliming"). Plaintiff also, however, asserts further claims against James M. LeBlanc ("LeBlanc"). The Court previously dismissed Plaintiff's claims against LeBlanc but provided Plaintiff with a time period to amend to state a claim against LeBlanc, if possible.[5] The allegations in Plaintiff's proposed amended complaint, however, do not cure the deficiencies with regard to his claims against LeBlanc previously noted

---

[1] R. Docs. 9 & 13.
[2] Federal Rule of Civil Procedure 15(a)(2).
[3] *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted).
[4] *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)).
[5] R. Docs. 5, 7, & 10.

by this Court.[6] Rather, these allegations echo the claims previously dismissed, which specifically include Plaintiff's complaints regarding the handling of his grievance at the second step of the administrative remedy process.[7] Though leave to amend should be freely given, courts are not required to give leave to amend if amendment would be futile.[8] An amendment is futile if "the amended complaint would fail to state a claim upon which relief could be granted."[9] As explained previously by this Court, Plaintiff cannot state a claim based on an allegation of supervisory liability or based on LeBlanc's denial of Plaintiff's ARP at the second step.[10] Plaintiff's "new" allegations are the same as those allegations that have already been dismissed for failure to state a claim. As amendment is futile as to any claims against LeBlanc, the Motion[11] should be denied to the extent Plaintiff continues to assert such claims. In all other respects, the Motion[12] should be granted.

Plaintiff's second proposed amended complaint[13] consists of various "objections," including objections to the filing of the Motion to Dismiss, to the requirement that Plaintiff serve Defendants, and to the notice of removal.[14] Plaintiff argues that the "Defendant" has attempted to "trick" Plaintiff "into federal litigation against his own will" because Plaintiff did not agree to have his case removed to federal court.[15] Plaintiff alleges LeBlanc is trying to have Plaintiff's "perfectly

---

[6] *See* R. Docs. 5, 7, 9, & 10.
[7] *See* R. Docs. 9, p 3; 5, pp. 5-6. *See, e.g.*, the allegations that Secretary LeBlanc knew about the discontinuance of Bupropion to treat Plaintiff and because he "saw all the paper work but chose to ignore a clear cut case of 'deliberate indifference.'" R. Doc. 9, p. 3.
[8] *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016).
[9] *Stripling v. Jordan Production Co.,* 234 F.3d 863, 872-873 (5th Cir. 2000).
[10] Plaintiff has reasserted this claim in the first Motion for Leave pending before the Court. R. Doc. 9, p. 3. This Court has rejected such a claim. R. Docs. 5, p. 6; 10.
[11] R. Doc. 9.
[12] R. Doc. 9.
[13] R. Doc. 13.
[14] R. Doc. 13, pp. 2-3.
[15] R. Doc. 13, pp. 3-4. If Plaintiff only seeks to pursue state law claims and does not wish to pursue any federal claims, he should make this clear to the Court, and may then request that the matter be remanded to state court; however, Plaintiff specifically references that he believes all Defendants conspired to "intentionally violate my 8th Amendment and 14th Amendment [sic]. R. Doc. 13, p. 7.

litigated state lawsuit" dismissed in the federal court as a result of technicalities due to Plaintiff having three-strikes.[16] Though this proposed amendment largely contains arguments, it also contains additional factual information related to Plaintiff's claims that have not been dismissed.[17] The amendment should not be permitted to the extent Plaintiff makes claims against LeBlanc for the reasons already explained.[18] To the extent the proposed complaint adds *factual* detail regarding Plaintiff's claims against Defendants other than LeBlanc, leave to amend should be granted.

## RECOMMENDATION

**IT IS RECOMMENDED** that the Plaintiff's Motions for Leave to Amend Complaint[19] be **GRANTED IN PART AND DENIED IN PART**. To the extent Plaintiff continues to allege claims against James M. LeBlanc, those claims should not be considered because allegations regarding LeBlanc's handling of Plaintiff's grievance, and suggestions that LeBlanc should be liable because he must have been aware of Plaintiff's complaints, do not state a claim. To the extent the proposed amendments add factual information for claims other than those against James LeBlanc, the Motions for Leave to Amend Complaint should be granted.

Signed in Baton Rouge, Louisiana, on October 21, 2020.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[16] R. Doc. 13, pp. 5; 7.
[17] R. Doc. 13.
[18] To the extent Plaintiff is making a claim against LeBlanc for denial of access to courts based on the removal of this case from state to federal court, Plaintiff fails to state a claim. The decision to remove a case to federal court where Plaintiff is alleging federal claims is not a denial of access to courts.
[19] R. Docs. 9 & 13.