UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDDIE J. ARMANT (#150261)                               CIVIL ACTION NO.

VERSUS                                                  19-815-JWD-EWD

JAMES M. LeBLANC, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 17, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDDIE J. ARMANT (#150261)** | **CIVIL ACTION NO.** |
| **VERSUS** | **19-815-JWD-EWD** |
| **JAMES M. LeBLANC, ET AL.** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

As explained further below, it is recommended that Plaintiff's remaining claims be dismissed on the Court's motion for failure to timely effect service pursuant to Federal Rule of Civil Procedure 4(m).

**I.    Background**

On November 26, 2019, this action was removed from the 18th Judicial District Court, Parish of Iberville, State of Louisiana, by the only properly named and served defendant, James M. LeBlanc,[1] who has since been dismissed from this proceeding.[2] Also named as Defendants are Suzan Connors, Ashleigh Fliming, and the E.H.C.C. Mental Health Director (collectively "Defendants").[3] To date, Eddie J. Armant ("Plaintiff"), who is representing himself and is confined at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana, has failed to serve the remaining Defendants.

This Court previously ordered Plaintiff, to show cause as to why he had failed to serve the remaining Defendants in this action within the timeframe provided by Federal Rule of Civil Procedure 4(m).[4] In response, Plaintiff requested that the Court order the United States Marshals

---

[1] R. Doc. 1.
[2] R. Docs. 5, 7, & 10.
[3] R. Doc. 1-2, p. 5.
[4] R. Doc. 6.

Service ("USMS") to serve the Defendants.[5] Plaintiff's request was granted and the USMS was appointed to serve the remaining Defendants, however, as was explained, because Plaintiff is not proceeding *in forma pauperis* in this case, he must pay for service by USMS. It was further explained that, in the alternative, Plaintiff could arrange to have the summons and complaint served on the Defendants by any person, not a party, who is at least 18 years old. Plaintiff was notified that failure to timely file adequate service information into the record may result in the dismissal of his remaining claims without further notice.[6]

## II.    Law & Analysis

Fed. R. Civ. P. 4(m) provides for dismissal of an action without prejudice if a plaintiff fails to serve within 90 days after the complaint is filed. Local Civil Rule 41(b)(1)(A) also provides that "[a] civil action may be dismissed by the Court for lack of prosecution…[w]here no service of process has been made within 90 days after filing of the complaint." This suit was removed to this Court over one year ago,[7] and Plaintiff was ordered to serve the remaining Defendants and file adequate service information into the record by no later than November 23, 2020.[8] Based on information in the record, Plaintiff has yet to effect service upon the remaining Defendants, despite the extension of time within which to do so and despite notice that the failure to do so might result in dismissal of his claims without further notice.

To avoid dismissal, Plaintiff must show good cause for failing to serve, and, if good cause is shown, the Court must extend the time for service.[9] To determine whether good cause exists, the Court looks at the actions of the plaintiff during the relevant time period.[10] A determination

---

[5] R. Doc. 9, p. 4.
[6] R. Doc. 19.
[7] R. Doc. 1.
[8] R. Doc. 19.
[9] *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).
[10] *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306(5th Cir. 1985) (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (1969)).

2

whether a plaintiff has made a sufficient showing of good cause "is necessarily fact-sensitive" and depends on the particular circumstances of the case.[11]  At a minimum, in order to show good cause, "the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice."[12]  In Plaintiff's response to the Court's show cause order regarding service, he indicated that he was unaware of the defects in service.  Although this arguably did not constitute good cause because the failure to serve was due to mere ignorance, Plaintiff's time for service was extended and USMS appointed to serve once Plaintiff paid the required fees.[13]  Alternatively, Plaintiff was advised that any person over 18 years of age could serve Defendants.

From October 2020, when his Motion to Order Service was granted, to present, Plaintiff has not taken the necessary steps to have Defendants served and he has not shown good cause for failure to do so.  Rather, he continues to urge the Court to allow him to proceed as a pauper, which, as explained below, is not a valid request.  Further, the sole reason Plaintiff provides for his failure to serve Defendants is that he cannot pay the fee for the USMS to serve Defendants, but inability to pay the fee does not constitute good cause.[14]

However, even if Plaintiff lacks good cause, the Court may extend the time for service.[15]  Such an extension may be warranted "if the applicable statute of limitations would bar the refiled

---

[11] *Lindsey v. United States Railroad Retirement Board*, 101 F.3d 444, 446 (5th Cir. 1996).
[12] *Id.*
[13] R. Doc. 19.  *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013); *Lindsey*, 101 F.3d at 446 (inadvertence and mistake insufficient for showing of good cause).
[14] *See Washington v. Schwarzeneggar*, No. 09-1795, 2009 WL 4839944 at *5 (C.D. Cal. Dec. 14, 2009) ("indigency alone does not amount to "excusable neglect" and does not constitute good cause for failing to accomplish timely service of process.").  Plaintiff also says that he does not have anyone else to effect service but does not further explain any efforts he has made to find someone over 18 years old to do so. R. Doc. 30, pp. 2 & 3.
[15] *Thompson*, 91 F.3d at 21.

3

action."[16] Here, because Plaintiff complains of events occurring in April 2019,[17] dismissal of this Complaint without prejudice will likely have the effect of a dismissal with prejudice, given that the events giving rise to the complaint occurred nearly two years ago. Accordingly, the Court must apply a heightened standard to determine whether this case should be dismissed.

Dismissal with prejudice "is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice."[18] Further, one of the following three factors should be present: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." Here, the delay is caused solely due to Plaintiff's failure to arrange for service.

Federal Rule of Civil Procedure 4(c)(1) specifies that "the plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Rule 4(c)(3) states, in pertinent part, that "the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The Court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915." Though Plaintiff has urged this Court throughout numerous filings to allow him to proceed as a pauper and to order service without prepayment of fees,[19] he is not entitled to the relief requested. Further, this Court's Local Rule 4 makes clear that the USMS "shall not be required to perform any service until the deposit of a sum sufficient to cover the immediate costs has been made," unless the matter involves an indigent[20] person or otherwise is ordered by the court. Plaintiff is not proceeding as an indigent

---

[16] *Milan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citing Fed. R. Civ. P. 4(m) advisory committee's note (1993)).
[17] R. Doc. 1-2, p. 4.
[18] *Milan*, 546 F.3d at 326 (internal quotation marks and citations omitted).
[19] *See, e.g.*, R. Docs. 30, pp. 1-2; 32, pp. 1-7, and 33.
[20] "Indigent" is defined as "[s]omeone who is found to be financially unable to pay filing fees and court costs and so is allowed to proceed *in forma pauperis*." Black's Law Dictionary (11th ed. 2019). Though Plaintiff is "poor" he

person in this matter, as the filing fee was paid. Even if Plaintiff were to now seek pauper status,[21] he is not entitled to such status because he has accumulated three-strikes.[22] Service by the USMS without prepayment of fees is reserved for plaintiffs who are entitled to proceed as a pauper.[23]

Because Plaintiff has abused the courts by filing numerous frivolous actions in the past, he is not entitled to the privilege of service effectuated by the USMS without prepayment of the associated fees. Plaintiff was advised of the service defects and given an opportunity to cure them either through payment of the applicable fee to USMS or by having the Complaint and summons served by a person over 18 years old. He has not done so and has stated he cannot do so. Accordingly, Plaintiff's claims against the remaining Defendants should be dismissed for failure of Plaintiff to timely effectuate service pursuant to Rule 4(m).[24]

---

does not qualify as an "indigent" because, in this unique circumstance, he is not proceeding *in forma pauperis* and is not entitled to proceed *in forma pauperis* due to accumulating three-strikes and is, thus, not entitled to service by the USMS without prepayment of fees. Fed. R. Civ. P. 4(c)(2); Local Rule 4.

[21] Under 28 U.S.C. § 1915(a), a court may authorize "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees …." Thus, if Plaintiff did not have three strikes, he might be entitled to pauper status to proceed with the prosecution of the suit.

[22] Cases dismissed as frivolous or for failure to state a claim filed by Plaintiff include, but are not limited to *Eddie J. Armant v. Connie Kennedy, et al.*, 08-108 (M.D. La.); *Eddie J. Armant v. Richard Stalder, et al.*, 08-248 (M.D. La.); *Eddie J. Armant v. Connie Kennedy*, 08-30562 (5th Cir.). Further, this Court has previously found Plaintiff is barred from proceeding as a pauper. *See Eddie J. Armant v. Jason Hariss, et al.*, 09-959 (M.D. La.). Plaintiff would not be entitled to the exception to the 'three-strikes' rule as nothing in his Complaint indicates he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff complains that his prescription for Bupropion to treat depression was not renewed.

[23] Fed. R. Civ. P. 4(c)(3) (only those entitled to proceed as a pauper are *entitled* to service by USMS). Coupled with this Court's local rule, Plaintiff is clearly not entitled to service by the USMS without prepayment of the relevant fees. *See Whiting v. Alvarado*, No. 03-53, 2004 WL 527793, at *1–2 (N.D. Tex. Mar. 17, 2004) (Plaintiff's "circumstance is no different than that of other pro se litigants who are unable to shoulder the burden of prosecuting their cases.").

[24] *See Elmore v. Georgia Com South*, No. 02-1544, 2003 WL 158875 (N.D. Tex. Jan. 16, 2003) (dismissing a case for failure to serve where the plaintiff could not identify a corporate representative for service. The court found that dismissal was the only option available to the court under those circumstances. Analogous circumstances are presented here, Plaintiff has indicated that he cannot and will not be able to pay for service by the USMS and does not have anyone else to serve Defendants for him. *See* R. Doc. 30. Because Plaintiff will never be able to effectuate service, the only viable option is to dismiss this case.).

**RECOMMENDATION**

**IT IS RECOMMENDED** that Plaintiff's claims be **DISMISSED WITH PREJUDICE** for failure to timely effect service against the remaining Defendants, and that this matter be **CLOSED**.

**ORDER**

Considering the above recommendation, **IT IS ORDERED** that Plaintiff's pending Motions[25] are **DENIED**, without prejudice to refiling in the event the recommendation that his claims be dismissed is not adopted.

Signed in Baton Rouge, Louisiana, on March 17, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[25] R. Docs. 29, 31, 32, & 33.